

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00199-CR
_____

STEPHEN RUSSELL SWILLING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 14,197

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stephen Russell Swilling appeals from his conviction on his open plea of guilty to the offense of evading arrest/detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). The court sentenced Swilling to one year's confinement in a state-jail facility. *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2008). Swilling was represented by appointed counsel at trial and by different appointed counsel on appeal. Swilling's appellate attorney has filed a brief in which he concludes, after a review of the record and the related law, that the appeal is frivolous and without merit.

Appellate counsel states that he has studied the record and finds no error preserved for appeal that could be successfully argued. The brief contains a professional evaluation of the record and advances three arguable grounds for review. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Swilling March 3, 2008, informing Swilling of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified Swilling that any pro se response was due on or before April 7, 2008. Swilling has not filed a response, nor has he requested an extension of time in which to file such a response.

We have reviewed the possible issues raised by counsel in his appellate brief, and we agree that: (1) the trial court properly admonished Swilling of his rights at trial and that Swilling's plea of guilty was voluntary; (2) the failure, if any, to serve Swilling with a copy of the indictment was waived, and further, Swilling's attorney stated that Swilling had been served, that he had sufficient time to prepare, and waived arraignment; and (3) the record does not reveal ineffective assistance of counsel under the guidelines of *Strickland v. Washington*, 466 U.S. 668 (1984).

Swilling entered a voluntary, open plea of guilty to the state-jail felony offense of evading arrest/detention with a motor vehicle. Swilling was properly admonished by the trial court before his plea of guilty was entered. He testified he had committed the offense and signed a written stipulation of evidence. He was sentenced to one year's confinement in a state-jail facility, out of a maximum punishment allowed by statute of two years' confinement and a fine of $10,000.00. Our review has not revealed any reversible error.[1]

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Swilling in this case. No substitute counsel will be appointed. Should Swilling wish to seek further review of this case by the Texas Court of Criminal Appeals, Swilling must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:    May 7, 2008
Date Decided:      May 8, 2008

Do Not Publish